**Daniel Snyder, OSB No. 78385**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 06105**
carlpost@lawofficeofdanielsnyder.com
**Erin McCool, OSB No. 06427**
erinmcool@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

    Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ROBYNN BERNARD**, | Case No. 3:12-cv-838 |
| Plaintiff, | **COMPLAINT** |
| v. | UNLAWFUL EMPLOYMENT ACTION |
| | FMLA Discrimination, Retaliation and supplemental state law claims |
| **STARBUCKS CORPORATION**, | |
| Defendant. | **JURY TRIAL DEMANDED** |

### PRELIMINARY STATEMENT

1.    This is an action for damages and equitable relief, including compensatory damages, back pay, front pay, and attorneys' fees and costs, to redress violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq.; under Oregon state laws regarding Unlawful Employment Practices, including ORS 659A.040, the Oregon Family Leave Act ("OFLA"), ORS

PAGE 1 – COMPLAINT

659A.150 et seq., and Oregon common law.   Additionally, Plaintiff seeks declaratory relief.

## II. JURISDICTION

2.   Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, federal question jurisdiction, and 28 U.S.C. §1343, civil rights jurisdiction.

3.   Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

4.   On June 8, 2011, Plaintiff filed a charge of employment discrimination and retaliation with the Oregon Bureau of Labor and Industries (BOLI), case number STEMFL110608-10897, for violations of ORS 659A.040, ORS 659A.150 et seq, and the FMLA.

5.   On February 15, 2012, BOLI issued Plaintiff a right to sue letter for case number STEMFL110608-10897.

6.   Venue is in the District of Oregon pursuant to 28 U.S.C. §1391(b) because the claim arose in this Judicial District.

## III. PARTIES

7.   Plaintiff, Robynn Bernard (Plaintiff), is a citizen of the United States. At all times material, Plaintiff worked for defendant in Multnomah County, Oregon.

8.   Defendant Starbucks Corporation is a Washington business corporation, qualified to do business in Oregon. Defendant does regular and sustained business in Oregon, including in Multnomah County, Oregon.

9.   Defendant employs more than 50 employees in Oregon.

10.   At all times relevant, defendant's employees and supervisors as their conduct is

PAGE 2 –COMPLAINT

alleged herein were acting within the course and scope of their employment with the defendant.

## IV. GENERAL FACTUAL ALLEGATIONS

11. Plaintiff began working for Defendant in November 2003.

12. On June 10, 2010, Plaintiff was scheduled to work at 8:00 am.  Plaintiff was working at Defendant's Cedar Oak store at the time.  Plaintiff's son was sick that morning so Plaintiff called work and told Judith Jones that her son was sick and that she may be late for work.  Plaintiff was written up for being late even though the cause of being late was that Plaintiff had to care for her sick son that morning.

13. On October 13, 2010, Plaintiff began working at another one of defendant's stores, located at 1175 McVey Avenue, Lake Oswego, Oregon.

14. On October 14, 2010, there was construction work being done on Plaintiff's route to work.  Plaintiff called work and spoke to Francine Blyth and said that Plaintiff may be late due to the construction.  Plaintiff arrived to work on time but was unable to clock in until 2 minutes after her shift began because a Ms. Blyth was using the only computer that you can clock in on.  The manager on duty that day, Jill Cooley, did not write Plaintiff up for clocking in 2 minutes late.  Plaintiff would have clocked in on time that day if the computer was available for her to do so.

15. On October 17, 2010, Plaintiff called work and spoke to Carrie Buchholz.  Plaintiff asked Ms. Buchholz what Plaintiff's schedule was for the upcoming week.  Ms. Buchholz told Plaintiff her schedule and said the next day Plaintiff was supposed to work was on October 18 at 12:30 am.  Plaintiff wrote down the schedule that Ms. Buchholz told her.

16. On October 18, 2010, Ryan Wolfe began working at the McVey store.  Mr. Wolfe was the manager.  Mr. Wolfe called Plaintiff at 12:10 and asked Plaintiff if Plaintiff was coming to

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

work.  Plaintiff said yes, do you want me to come in early?  He said Plaintiff was supposed to start at 12:00.  Plaintiff told him that Plaintiff called Ms. Buchholz and was told my start time was 12:30.  When Plaintiff came into work Mr. Wolfe asked Plaintiff to see the schedule that Plaintiff wrote down and Plaintiff showed Mr. Wolfe it to him.  Mr. Wolfe then asked Ms. Buchholz if that was the schedule she gave Plaintiff and Ms. Buchholz confirmed that it was.  He then wrote Plaintiff up for being late to work on October 14 and October 18.

17.    On November 5, 2010, Plaintiff started working around 5:00 am.  Around 9:45 am, Plaintiff was injured while working.  Plaintiff pulled a coffee filter basket out and was burned by hot water.  Plaintiff's shift was scheduled to end at 10:45 am.  Around 10:45 am, Plaintiff called her boss, Ryan Wolfe, and told him that Plaintiff was injured and needed to go to the doctor.  Mr. Wolfe complained about Plaintiff having to go to the doctor.  Plaintiff filled out an incident report and left it on Mr. Wolfe's desk.

18.    Plaintiff then drove home, called her mom, who is an operating room nurse, and she came and got Plaintiff and took Plaintiff to the Milwaukie Providence ER.  Plaintiff was diagnosed with a second degree burn.  Plaintiff was restricted from working until November 7, 2010 but Plaintiff had that day off.

19.    A workers' compensation claim was filed on Plaintiff's behalf by her doctor.

20.    After being released from the ER, Plaintiff called Mr. Wolfe and left a message saying that Plaintiff went to the doctor, filled out an incident report, and that Plaintiff had 2 days off.  He did not call Plaintiff back so Plaintiff sent him some text messages and called a few more times.

21.    Mr. Wolfe called Plaintiff back later that day.  He said he received Plaintiff's message.  Plaintiff said she went to the doctor, and had a few days off.  Mr. Wolfe was upset that

PAGE 4 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Plaintiff needed time off work.  He said he would give Plaintiff's shift away on November 6, 2010.

22. On November 8, 2010, Plaintiff went to Clackamas Occupational Health, Occupational Medicine for a follow-up appointment.  Around 5:50 pm, Plaintiff called Mr. Wolfe while Plaintiff was driving to work.  A holiday meeting was scheduled at 6:00 pm to talk about new products, etc.  Plaintiff told Mr. Wolfe that Plaintiff thought there was an accident and Plaintiff didn't know if she would be late for the meeting.  Plaintiff said she might be late but Plaintiff might make it on time.  Mr. Wolfe then told Plaintiff not to come in, even though Plaintiff might have arrived on time.  Plaintiff asked if Plaintiff was fired and Mr. Wolfe said no. Mr. Wolfe said that he would call Plaintiff the next day.

23. Mr. Wolfe did not give Plaintiff the opportunity to arrive at work on time and instead intentionally told her not to come to work so that he could use her absence as a reason to terminate her employment.

24. On November 9, 2010, Mr. Wolfe did not call Plaintiff as he said he would.

25. On November 10, 2010, Mr. Wolfe called Plaintiff and asked Plaintiff to come in on the November 12 so they could 'chit chat.'  Plaintiff said she still needed to give Mr. Wolfe the paperwork from her doctor and Plaintiff still needed the workers' compensation paperwork.  He said yeah, yeah, yeah, we will talk about that when you come in.  They agreed to meet at 12:30 pm.

26. Around 12:00 pm, on November 12, 2010, Plaintiff showed up at the McVey store with her mom.  Plaintiff met with Mr. Wolfe and Jill Cooley, a manager at the West Lynn Starbucks, and Mr. Wolfe said he had some paperwork for Plaintiff.  He showed Plaintiff a document that said corrective action on top and listed dates Plaintiff was late, 10/14, 10/18, and

PAGE 5 –COMPLAINT

11/12.  Plaintiff was not late on October 14 or November 12.  Plaintiff was fired for being late 3 times in one month.  Plaintiff showed Mr. Wolf the 2 day work restriction and gave him a copy of the Notice of Work Status.  Mr. Wolfe gave Plaintiff a post-it note with a claim number and a phone number.

## FIRST CLAIM FOR RELIEF
(ORS Chapter 659A.040 - Injured Worker Discrimination and Retaliation)

27.     Plaintiff realleges all relevant paragraphs.

28.     Defendant discriminated and retaliated against Plaintiff by changing the terms and conditions of Plaintiff's employment. Defendant's actions violated ORS 659A.040, are an unlawful employment practice, and caused Plaintiff economic and noneconomic damages.

29.     Defendant's unlawful employment actions were taken against Plaintiff in substantial part because Plaintiff reported an on-the-job injury or because Plaintiff applied for benefits, invoked, or utilized the procedures provided in ORS Chapter 656;

30.     As a result of defendant's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiff's personal dignity and right to be free from discrimination or interference with Plaintiff's statutory rights. Plaintiff has also suffered, and continues to suffer, economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

31.     Plaintiff is entitled to equitable relief, including, but not limited to, reinstatement to employment with defendant, as well as an award of back pay and lost benefits.

32.     If reinstatement is not awarded, then Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience,

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

mental anguish, loss of enjoyment of life, and other nonpecuniary losses in an amount to be proved at trial.

33. Defendant's acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights. Defendants should be assessed punitive damages in an amount as fixed by a jury to punish defendant and to deter such conduct in the future.

34. Plaintiff is entitled to a declaration that defendant violated ORS 659A.040.

35. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

36. Pursuant to ORS Chapter 659A and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorney fees and costs, including expert witness fees.

37. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## SECOND CLAIM FOR RELIEF
(Family and Medical Leave Act of 1993 - 29 U.S.C. § 2601 et seq.)

38. Plaintiff realleges all relevant paragraphs.

39. Defendant is an 'employer' within the meaning of 29 U.S.C. § 2611(4).

40. At all times material, Plaintiff was an 'eligible employee' within the meaning of 29 U.S.C. § 2611(2).

41. Plaintiff took medical leave protected by the Family Medical Leave Act (FMLA).

42. At all material times, Plaintiff suffered from a serious health condition, as defined by 29 U.S.C. § 2611(11).

PAGE 7 –COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

43. Defendant interfered, discriminated and retaliated against Plaintiff for engaging in the protected activity of taking leave under FMLA.

44. Defendant interfered, discriminated and retaliated against Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, terminating Plaintiff and refusing to reinstate Plaintiff to employment.

45. As a direct and proximate result of defendant's interference, discrimination and retaliation, Plaintiff has suffered lost income and will continue to suffer past and future wages, past and future benefits, and other expenses, all to Plaintiff's economic damages in an amount to be determined at trial.

46. Defendant's acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights. Defendants should be assessed punitive damages in an amount as fixed by a jury to punish defendant and to deter such conduct in the future.

47. Plaintiff is entitled to a declaration that defendant violated the FMLA.

48. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

49. Plaintiff is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A).

50. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to an award of attorney's fees, expert fees, and costs incurred herein.

51. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

### THIRD CLAIM FOR RELIEF

PAGE 8 –COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

(Oregon Family Leave Act - ORS 659A.150 et. seq.)

52. Plaintiff realleges all relevant paragraphs.

53. Plaintiff took medical leave protected by the Oregon Family Leave Act (OFLA).

54. At all material times, Plaintiff suffered from a serious health condition.

55. Defendant interfered, discriminated and retaliated against Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, writing Plaintiff up when she was late to work after caring for her sick son and terminating Plaintiff's employment.

56. As a result of defendant's interference, discrimination and retaliation against Plaintiff, Plaintiff suffered and continued to suffer economic losses, mental anguish, pain and suffering, and other non pecuniary losses.

57. As a result of defendant's discrimination and retaliation against Plaintiff, Plaintiff is entitled to equitable relief.

58. Pursuant to 659A.885, Plaintiff is entitled to recover back pay.

59. Defendant's acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights. Defendants should be assessed punitive damages in an amount as fixed by a jury to punish defendant and to deter such conduct in the future.

60. Plaintiff is entitled to a declaration that defendant violated Plaintiff's OFLA rights.

61. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

62. Pursuant to ORS 659A.885(1) and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorney fees and costs, including expert witness fees.

PAGE 9 –COMPLAINT

63.  Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

**FOURTH CLAIM FOR RELIEF**
(Wrongful Termination)

64.  Plaintiff realleges all relevant paragraphs.

65.  Defendant's conduct, as alleged, was in retaliation for Plaintiff assertion of Plaintiff's state and federally protected rights to work in an environment free from discrimination, harassment, and otherwise hostile work environments, and as such constitutes a wrongful discharge under state common law.

66.  Plaintiff's remedies under OFLA and FMLA do not constitute a complete remedy for the damage Defendant has inflicted.

67.  As a result of defendant's wrongful termination of Plaintiff's employment, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiff's personal dignity and right to be free from discrimination or interference with Plaintiff's statutory rights. Plaintiff suffered, and continues to suffer, economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

68.  Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in an amount to be proved at trial.

69.  Defendant's acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights.  Defendants should be assessed punitive damages in an amount as fixed by a jury to punish defendant and to deter such conduct in the future.

PAGE 10 –COMPLAINT

70. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

71. Pursuant to ORS 20.107, Plaintiff is entitled to an award of attorney fees and expert witness fees.

72. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## NOTICE OF WAGE CLAIM

73. Plaintiff hereby demands payment for wages owed to her from October 14, 2010 when Plaintiff was unable to clock-in because the computer was in use by another employee. Defendant owes Plaintiff for 2 minutes of wages at her then hourly rate. Defendant also owes Plaintiff a statutory penalty per ORS 652.150. Plaintiff intends to file a claim for the wages and penalty owed if defendant fails to make payment within 7 days of service of this complaint.

## PRAYER FOR RELIEF

Plaintiff prays for the following judgment against defendant:

1. A sum which will fully compensate Plaintiff for Plaintiff's non-economic damages in a sum that is just as determined by a jury;

2. A sum which will fully compensate Plaintiff for Plaintiff's economic damages in a sum that is just as determined by a jury;

3. Equitable relief, including but not limited to, reinstatement if Plaintiff so chooses;

4. Liquidated damages;

5. Plaintiff's costs and disbursements incurred herein;

6. Plaintiff's attorney fees; and

PAGE 11 –COMPLAINT

       7.      For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

Dated this 11 day of May, 2012.

                                                        **Law Offices of Daniel Snyder**

                                                        /s/ Carl Post  
                                                        Daniel Snyder, OSB No. 783856  
                                                        dansnyder@lawofficeofdanielsnyder.com  
                                                        Carl Post, OSB No. 06105  
                                                        carlpost@lawofficeofdanielsnyder.com  
                                                        Erin McCool, OSB No., 06427  
                                                        erinmccool@lawofficeofdanielsnyder.com  
                                                        Telephone : (503) 241-3617  
                                                        Facsimile: (503) 241-2249  
                                                        Of Attorneys for Plaintiff

PAGE 12 –COMPLAINT

**Law Offices of Daniel Snyder**  
Attorneys At Law  
1000 S.W. Broadway, Suite 2400  
Portland, Oregon 97205  
(503) 241-3617 Fax (503) 241-2249